UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE TONY EASON                           CIVIL ACTION

                                           NO: 08-404

                                           SECTION: "J"

**ORDER**

Before the Court is Debtor Tony Eason's **Emergency Motion to District Court for Stay Pending Appeal and Request for Expedited Consideration**, filed on January 14, 2008.[1]  Debtor seeks a stay pending appeal of the January 9, 2008 Bankruptcy Court order lifting the 11 U.S.C. 362 automatic stay.  This motion is opposed.  Upon review of the record, including an audio transcript of oral argument before United States Bankruptcy Judge Brown, the memoranda of counsel, and the applicable law, this Court now finds that Judge Brown's Order lifting the automatic stay and allowing Creditor's eviction proceedings to go forward against Debtor should be upheld.

The decision to lift an automatic stay is committed to the sound discretion of the bankruptcy court and must be reviewed for

---

[1] Following the filing of the instant motion, this Court was notified that Debtor's state court eviction proceedings which were scheduled to take place on January 17, 2008 would not go forward until February 7, 2008, thus, eliminating the need for an immediate ruling by this Court.

abuse of discretion.  See <u>In re Kissinger</u>, 72 F.3d 107 (9th Cir. 1995); <u>In re Reitnauer</u>, 152 F.3d 341, 344 (5th Cir. 1998).  Judge Brown found that the Housing Authority of New Orleans ("HANO") had shown sufficient cause for lifting the automatic stay as is required by 11 U.S.C. 362(d)(1), specifically, Debtor's nonpayment of monthly rents from January 1, 2007 through September 1, 2007[2] despite repeated efforts by HANO to work with Debtor to obtain a mutually beneficial solution.[3]  Debtor's tender of post-petition rent following twenty months of nonpayment cannot serve to remedy the past violations of his lease terms.

Debtor argues that pre-petition rent is dischargeable and that he is current on his post-petition rental payments, as rents for the months of November and December of 2007 and January of 2008 have been paid into the registry of the Court.  Therefore, according to Debtor, he is entitled to a fresh start under the Bankruptcy Code.  However, this Court finds that these post-

---

[2]  HANO deferred rental payments from Debtor for the year 2006 due to financial hardships alleged by Debtor; however, Debtor was required to resume payments in 2007 to avoid termination of the lease.

[3]  See <u>Matter of Neff</u>, 997 F.2d 880 (5th Cir. 1993) (upholding bankruptcy courts lifting of automatic stay despite debtor's contention that the bankruptcy court failed to give proper effect to 11 U.S.C. 525(a)'s anti-discrimination prohibitions); see also <u>In re Caldwell</u>, 174 B.R. 650 (N.D. Ga. 1994) ("even if the [public housing] lease . . . had not been terminated pre-petition and the Debtor had sought to assume the lease under section 365 at the time the petition was filed, the Housing Authority could legally have refused consent to assumption without a cure because section 365 grants it that right).

petition tenders are insufficient grounds to deny HANO the right to evict Debtor for violation of his lease terms, such as non-payment of rent, which is set forth explicitly in Debtor's lease agreement.  Furthermore, even though pre-petition rent is dischargeable, this should not preclude HANO from using the unpaid lease payments as a basis for eviction.  While the spirit of the Bankruptcy Code does seek to give Debtors a fresh start, there is no support in the Code for allowing Debtor to live rent free for nearly two years in violation of his lease agreement with no recourse available to his lessor.  Accordingly,

**IT IS ORDERED** that Debtor's **Emergency Motion to District Court for Stay Pending Appeal and Request for Expedited Consideration** is hereby **DENIED**.

New Orleans, Louisiana this the 31st day of January, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE